IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USBC CLERK, CHARLESTON, SC
2006 OCT 18  A 9 09

| | |
|---|---|
| Derrick Hill, #214204, ) | C/A No. 2:06-0812-MBS-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden Reed; and Henry D. ) McMaster, Attorney General of ) the State of South Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed March 16, 2006, by a state prisoner proceeding pro se and in forms pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's summary judgment motion filed on August 3, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Derrick Hill, is presently confined in the Manning Correctional Institution of the South Carolina Department of Corrections, pursuant to commitment orders from the Pickens County Clerk of Court. The Pickens County Grand Jury indicted Petitioner at the April 2000 term of court for distribution of crack (2000-GS-39-523) and distribution of crack within close proximity of a school (2000-GS-39-322). App. pp. 119-24. James Goldsmith, Esquire, represented the petitioner on these charges.

On November 14, 2000, a jury trial was held before the Honorable Henry F. Floyd at which the petitioner was not present, but was represented by James Goldsmith, Esquire. The jury

convicted Petitioner of both charges and on April 11, 2001, Judge Floyd sentenced the petitioner to fifteen (15) years imprisonment and a $25,000.00 fine for distribution of crack and a concurrent five (5) years imprisonment and a $10,000.00 fine, for distribution of crack within close proximity of a school. App. pp. 1-79.

Petitioner timely served and filed a notice of appeal.

J. Falkner Wilkes and Richard Warder, Esquires, represented Petitioner on appeal, and on December 18, 2001, the Final Brief of Appellant was filed, in which he presented the following issue for review:

> 1. Did Prosecutors Comments Unfairly Appeal to Jury's Passions and Prejudices by Playing on Jury's Fear of impact of Drugs on Society thus Prejudicing Appellant?

Final Brief of Appellant at p. 3. The State filed a Final Brief of Respondent on December 19, 2001.

On May 16, 2002, the South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished Opinion. State v. Derrick Hill, 2002-UP-345 (S.C. Ct. App., filed May 16, 2002). The court held that Petitioner's counsel had failed to object to the comments and the issue was not preserved for appeal, but that nonetheless no error had occurred. The South Carolina Court of Appeals sent the Remittitur to the Pickens County Clerk of Court on June 2, 2002.

Petitioner then filed a pro se Post-Conviction Relief (PCR) Application (02-CP-39-1507) on September 30, 2002, in which he

alleged the following grounds for relief:

> "1.  No motion of continuance
>
> 2.  No objection to introduction of hearing evidence - inform of drug report
>
> 3.  Did not inform Defendant of properly of court date
>
> 4.  Did not properly inform Defendant of consequences of his failure to appear at trial
>
> 5.  Did not object to improper testimony of officers who testified
>
> 6.  Did not object to leading questions by Solicitor
>
> 7.  Did not talk to or Subpoena any of Defendant's witness[es] or present there testimony at trial
>
> 8.  Failed to properly prepare and investigate Defendant['s] case" (sic)

App. pp. 81-86. The State filed its Return on February 18, 2003. App. pp. 87-91.

The Honorable John C. Few held an evidentiary hearing into the matter on July 22, 2003, at the Pickens County Courthouse. Petitioner was present and testified at the hearing, represented by Richard Warder, Esquire. App. pp. 92-112. Petitioner's trial counsel, James L. Goldsmith, was unable to attend the hearing, but filed an Affidavit in response to the allegations. App. pp. 125-26.

On March 31, 2004, Judge Few filed an Order of Dismissal which dismissed allegations of ineffective assistance of trial counsel. Specifically, the Order addressed Petitioner's

allegations that trial counsel was ineffective because (1) Petitioner was never informed of the trial date; (2) Petitioner never told his trial counsel to stipulate to the chain of custody of the evidence; (3) the indictment was amended even though Petitioner never told his trial counsel to allow an amendment to his indictment; (4) counsel did not object to the Assistant Solicitor's opening statement or questioning of witnesses; (5) counsel never returned his phone calls about the plea bargain; and (6) counsel did not renew his motion for a new trial. App. pp. 113-17. A timely notice of appeal was served and filed.

Assistant Appellate Defender Aileen P. Clare represented Petitioner in PCR appellate proceedings. On December 20, 2004, Clare filed a Johnson Petition for Writ of Certiorari and a Petition to be Relieved as Counsel. The only ground presented in the Johnson Petition for Writ of Certiorari was stated as follows:

> Trial counsel was ineffective for failing to object to the solicitor's inflammatory opening statement.

Johnson Petition for Writ of Certiorari at p. 3. Petitioner filed a pro se petition which raised the following grounds:

> 1. Whether counsel informed Defendant of trial date?
>
> 2. Did solicitor's comments unfairly appeal to jury's passion and prejudices by playing on jury's fear of the impact of drugs on society . . . . thus prejudicing Appellant?

3. Counsel did not object to introduction of hearing evidence-inform of Drug Report...Chain of Custody.

4. Was amendment of indictment proper after jury selection (But prior to swearing) to change the date of offense from 1998 to 1999?...also whether counsel properly investigated Defendant's case?

The South Carolina Supreme Court filed an Order on January 10, 2006, in which it denied counsel's Petition to be Relieved and directed the parties to address the following question:

> Was Petitioner's counsel ineffective in failing to object to the solicitor's opening argument that petitioner's case was about the destruction of society by drugs?

The Petition for Writ of Certiorari presenting the above question was filed on January 12, 2006. The South Carolina Supreme Court filed an Order on February 15, 2006, in which it denied certiorari, and sent the Remittitur to the Pickens County Clerk of Court on March 3, 2006.

On March 16, 2006, Petitioner raised the following allegations in the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254:

DENTAL OF EFFECTIVE ASSISTANCE OF COUNSEL

**GROUND ONE:** Whether counsel informed Defendant of trial date?

SUPPORTING FACTS: . . . There was no record evidence of Mr. Hill being notified of the trial date and should not have been tried in his absence.

**GROUND TWO:** Did Solicitor's comments unfairly appeal to Jury's passion and prejudices by playing on Jury's fear of impact of drugs on society thus prejudicing appellant?

> SUPPORTING FACTS: . . . it appears . . . Mr. Hill was prejudiced by the language used, as the result of which Mr. Hill did not have a fair a partial trial.
>
> **GROUND THREE:** No objection to introduction of hearing evidence — inform of drug report . . . chain of custody . . . (sic)
>
> SUPPORTING FACTS: As trial counsel failed to object to the chain and lack of witnesses. Also failed to require the state to produce witnesses
>
> **GROUND FOUR:** Was Amendment of indictment proper after jury selection (but prior to swearing) to change the date of offense from 1998 to 1999?
>
> SUPPORTING FACTS: Mr. Hill further testified that he never told trial counsel to allow amendments to indictments. ...

The petitioner was provided a copy of the respondents' summary judgment motion on August 8, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). On September 14, 2006, Petitioner filed a response to the summary judgment motion. Hence it appears the matter is ready for consideration.

The record here contains the following materials:

> 1. The Appendix to the December 20, 2004, <u>Johnson</u> Petition for Writ of Certiorari (1 vol.) (including trial transcript; the PCR Application; the Return; the PCR hearing transcript; the Order of Dismissal; and the Pickens County Clerk of Court's records);
>
> 2. The Final Brief of Appellant;
>
> 3. The Final Brief of Respondent;

4. The Opinion of the state court of appeals;

5. The June 3, 2002, Remittitur;

6. The Johnson Petition for Writ of Certiorari;

7. The State's letter response to the Johnson Petition for Writ of Certiorari;

8. The January 10, 2006, Order of the state supreme court;

9. The Petition for Writ of Certiorari;

10. The Return to Petition for Writ of Certiorari;

11. The February 15, 2006, Order of the state supreme court; and

12. The March 3, 2006, Remittitur.

13. Petitioner's *pro so* petition for Writ of Certiorari.

**STANDARD OF REVIEW**

The present habeas corpus petition has a delivery date of March 13, 2006. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000) (plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> "§ 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) 'was contrary to . . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'"

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

Additionally, a determination of a factual issue made by a state court shall be presumed correct. A credibility determination by the state court is also afforded deference. See, e.g., McWee v. Weldon, 283 F.3d 179, 186 (4th Cir. 2002); Coleman v. Quarterman, 456 F.3d 537, 540 (5th Cir. 2006); Rolling v. Crosby, 438 F.3d 1298 (11th Cir. 2006). The petitioner has

the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

### EXHAUSTION AND PROCEDURAL BAR

The exhaustion requirement set forth that "a habeas petitioner must fairly present his claim to the state's highest court." Baldwin V. Reese, 124 S. Ct 1347, 158 L.Ed.2d 64 (2004). The petitioner bears the burden of proving a ground for habeas relief has been exhausted because the exhaustion requirement, although not jurisdictional, is strictly enforced. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 118 S.Ct. 102 (1997).

However, when a petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims are technically exhausted, they are nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural bar, is sufficient to uphold the petitioner's convictions. <u>Harris v. Reed</u>, 489 U.S. 255 (1989); <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 (1991). Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. <u>Coleman</u>, 501 U.S. at 735; <u>Teague v. Lane</u>, 489 U.S. 288 at 299 (1989). Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence. <u>See</u>, e.g., <u>Harris v. Reed</u>, 489 U.S. 255 (1989).

## **DISCUSSION**

A review of the record and relevant case law indicates that the petitioner is not entitled to habeas corpus relief.

In considering the threshold issue of exhaustion and procedural default as set forth in 28 U.S.C. § 2254(b), it appears all issues presented here are properly exhausted because they were raised in the PCR and raised thereafter in the petition for a writ of certiorari to the South Carolina Supreme Court. Therefore, the questions presented here are available for review on the merits.

Judge Few presided over the PCR hearing at which Petitioner testified, and he reviewed the records of the indictment and trial in their entirety, as well as the affidavit of trial

counsel. Judge Few reviewed the Supreme Court standard for evaluating claims of constitutionally ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), and applied the two Strickland factors to evaluate Petitioner's claims. The judge found that Petitioner had not carried his burden to show either deficient performance or prejudice therefrom, as required by Strickland to obtain relief.

Additionally, the judge found as a fact that Petitioner's testimony was not credible and that counsel's account was credible. Since a determination of a factual issue such as this made by a state court is presumed correct, the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not presented any evidence except his own previously rejected contentions that counsel's testimony is untrue, much less clear and convincing evidence. Therefore this court must give the findings of the state court the presumption of correctness.

Petitioner's first allegation is that trial counsel was ineffective for not notifying Petitioner of the trial date. Petitioner claims that he would have attended trial if he had received notice and that he should not have been tried in his absence. The PCR court rejected this claim and wrote, "Mr. Goldsmith attempted to notify the Applicant of his trial date but was unable to contact the Applicant by the means provided by the Applicant himself." App. pp. 115-16. Specifically, counsel

averred: He had made numerous efforts to contact Petitioner "about his trial date, by telephone, by pager, by letter and by notice to his bondsman, all to no avail. Previously, [Petitioner] had attended his preliminary hearing, had attended court in Nay 2000 after being sent notice to appear, and had stayed in touch with me throughout my representation. I had promptly returned any telephone calls of his and he had responded to my telephone calls and letters in a timely fashion." App. p. 125.

Based on this record, it appears that the court's finding that Petitioner had failed to show <u>Strickland</u> error or prejudice is not a decision that was contrary to, or involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Petitioner's second allegation is that counsel was ineffective for not objecting to the solicitor's opening argument, which he contends improperly appealed to the jury's passion and prejudices by playing on jurors' fear of the impact of drugs on society. In pertinent part, the solicitor stated in opening that he typically tries to relate a criminal case to something jurors' have experienced in their daily lives.

> However, today were dealing with something that many of us never had to deal with and I hope you never do. We're dealing today with a case about drugs. A case which a lot of people [say] there's

>no victims in the crime. We don't have any victims as outlined in the South Carolina law that are affected by this. But when you really look at drugs and the effect on our society, the whole society is affected. Today that's really what this case is all about, about the destruction of our society.

App. p. 19-20.

Judge Few agreed with counsel who averred that he "did not object to the Solicitor's opening argument because I did not find it to be outside the bounds of proper opening argument and saw no prejudice to my client". App. p. 126. Additionally the judge found that there was no reasonable probability that, but for the alleged error, the result of the proceeding would have been different.

Again, it appears that the PCR court's finding that Petitioner had failed to show <u>Strickland</u> error or prejudice is not a decision that was contrary to, or involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). Petitioner is not entitled to habeas relief.

In ground three, Petitioner maintains that trial counsel was ineffective because he failed to object to the chain of custody, and he failed to require the state to produce chain of custody witnesses. Before trial, the state noted that Petitioner's trial counsel had stipulated to the chain of custody pursuant to

S.C.Crim.P. Rule 6(a), so that some deputies involved as chain of custody witnesses could be released. He further stated that he had a SLED lab form signed by the officers that complied with Rule 6. He assured the trial judge that he could establish the chain of custody from the buyer to the SLED Agent who did the test. App. pp. 14-15.

The petitioner did not present any evidence at the PCR hearing that there was any defect in the chain of custody or that the chemist's report was in error. See, e.g., Pryor v. Norris, 103 F.3d 710, 713-14 (8th Cir. 1997) (defendant failed to establish prejudice from counsel's failure to object to chain of custody because she failed to show objection would have been sustained or that prosecution would not have established complete chain of custody if objection had been made).

Counsel averred that there had been a preliminary hearing and full discovery and that he did not oppose the chain of custody because he had no legal or strategic reason to do so. Judge Few credited counsel's reasoning and found neither cause or prejudice under Strickland.

It appears that the court's finding that Petitioner had failed to show Strickland error or prejudice is not a decision that was contrary to, or involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in

light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Petitioner's fourth and final ground for relief is that counsel permitted the state to amend the indictment after the jury was selected, but before it was sworn, without objection, and change the year of offense from "1998" to "1999". The Assistant Solicitor represented that he had notified defense counsel by letter approximately ten days earlier of the proposed amendment. Defense counsel indicated that he did not object, observing "that's always been the date and we knew it was always the date." App. p. 14, 114-12. Counsel's affidavit avers that he was fully prepared for trial. He did not oppose the amendment to the indictment because he had no legal or strategic reason to oppose it. App. pp. 125-26.

The court's finding that petitioner had failed to show Strickland error or prejudice is not a decision that was contrary to, or involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2). Again, Petitioner is not entitled to habeas relief.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
October 17, 2006

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402